UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS W. BURTON,      Plaintiff, | ) ) ) | |
| vs. | ) ) | 1:11-cv-00267-JMS-TAB |
| THE CITY OF FRANKLIN, MAYOR FRED L. PARIS, Individually, FRANKLIN POLICE CHIEF STAN LYNN, Individually, BYRAN BURTON, Individually, and RYAN MEARS, Individually,      Defendants. | ) ) ) | |

## **ORDER**

Plaintiff Thomas Burton brings this complaint against the City of Franklin, Mayor Fred L. Paris, Franklin Police Chief Stan Lynn, Bryan Burton, and Ryan Mears (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his rights under the Fourth, Fifth and Fourteenth Amendments during his arrest and incarceration pending trial. Presently before the Court are two motions to dismiss, independently filed by Defendant Bryan Burton and Defendant Ryan Mears. [Dkt. 20; dkt. 23.]

**I.**
**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure impose only a notice-pleading requirement for complaints. Fed. R. Civ. Pro. 8. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted)) (per curium). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled."

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544). For the purposes of that rule, the Court will ignore legally conclusory allegations. *Id.* at 1949-50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (quotation omitted)). The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations. *See id.*

Although the Federal Rules do not require plaintiffs to plead legal theories in their complaints, *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011), they do provide that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). In the instant case, Plaintiff's Complaint lacks the clarity implied by Rule 10. It is nothing more than a recitation of facts with several constitutional claims vaguely referenced at the end. [Dkt. 1 at ¶ 34 ("The actions of Mayor Paris, Chief Lynn, [D]etective Burton, and [D]etective Mears toward[] Mr. Burton constitute violations of his rights to due process of law, among other constitutional protections, in contravention of the Fourth, Fifth and Fourteenth Amendments . . . .").] The Complaint gives neither the Court nor the Defendants any indication as to which alleged actions correspond with which claims—particularly problematic in a case with multiple Defendants, each allegedly responsible for different transactions or occurrences.

Furthermore, in addition to failing to amend his Complaint under Rule 15, Plaintiff wholly failed to respond to Defendants' respective motions to dismiss. It should go without saying that the Seventh Circuit adheres to the longstanding rule that a litigant waives an argument by failing to make it. *See, e.g., Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010). Courts apply that rule where a party fails to develop arguments related to a discrete issue, as well as "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Alito v. Town of Lisbon*, --- F.3d ----, 2011 WL 2942360 (7th Cir. 2011); *see also Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir.2005) (noting that a complaint may be compliant with the notice pleading requirements of Rule 8(a)(2), yet be subject to dismissal where a plaintiff does not file a brief supporting the legal adequacy of the complaint). In short, "[w]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006). For that reason, if a plaintiff does not respond, and the Court is "given plausible reasons for dismissing a complaint, [it is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999).

Consistent with this longstanding authority, the Court interprets Plaintiff's failure to respond as waiver of his arguments with respect to Defendants' charges concerning the deficiency of his Complaint. *Alito*, 2011 WL 2942360 at *5. Where Defendants' arguments are plausible, then, the Court will accept them as true for the purposes of these motions.

## II.
### FACTS PLED IN THE COMPLAINT

Defendants Burton and Mears are detectives with the Franklin Police Department; on February 21, 2009, at their request, a confidential informant wearing concealed audio/video

equipment entered the residence of Plaintiff Thomas Burton to make a controlled drug buy. [Dkt. 1 at ¶ 11.] When she entered the residence, the informant was in possession of unopened packages of Sudafed. [*Id.* at ¶ 12.] When she left Plaintiff's residence at 6:00am the next day, she did not have the Sudafed, and instead delivered two packages of methamphetamine to the detectives. [*Id.* at ¶ 13.] Detectives Burton and Mears took possession of the methamphetamine, but did not test the substance, weigh it, or deliver it to the property room of the police department. [*Id.* at ¶ 14.]

The next day, Detectives Burton and Mears (along with members of the Johnson County Prosecutor's Office) again gave the informant Sudafed and dropped her off at Plaintiff's residence. [*Id.* at ¶ 16.] The informant entered the residence with Sudafed and left shortly thereafter without it. [*Id.* at ¶ 17.]

"Based upon false information provided by detectives Burton and Mears, a search warrant was issued on February 22, 2009 for [Plaintiff]'s residence." [*Id.* at ¶ 17.]

At approximately 10:30 pm, Detectives Burton and Mears, Police Chief Lynn, and members of the Johnson County Prosecutor's Office executed a search warrant at Plaintiff's residence. [*Id.* at ¶ 18.] During the search, Plaintiff was arrested. [*Id.*]

Despite the fact that the substance with which Plaintiff was arrested had not been tested, weighed, or placed in evidence, but was instead "taken to, and kept in, an apartment which was controlled by Detectives Burton and Mears," Plaintiff was charged with one count of manufacturing and one count of delivery of more than three grams of methamphetamine, both Class A Felonies. [*Id.* at ¶ 19.] Plaintiff was held in the Johnson County Jail on a bond of $100,000. [*Id.* at ¶ 20.] Plaintiff was unable to bond out and, consequently, remained incarcerated. [*Id.* at ¶ 22]

On March 3, 2009, the drugs were delivered to the police department property room, but were not tested or weighed. [*Id.* at ¶ 21.] On November 12, 2009, the drugs were sent to the Indiana State Police laboratory for testing and weighing for the first time. [*Id.* at ¶ 23.] The State Police reported that the drugs had a total weight of 2.23 grams, .77 grams less than the minimum threshold for an A Felony. [*Id.* at ¶ 24.]

On April 19, 2010, the prosecuting attorney reduced both charges against plaintiff to Class B Felonies, due to the weight of the drugs. [*Id.* at ¶ 25.] Two months after the charges were reduced to Class B Felonies, Plaintiff requested, and was granted, a bond reduction to $20,000. [*Id.* at ¶ 25.] Plaintiff immediately posted bond and was released. [*Id.* at ¶26.]

In early 2010, Detective Burton became the subject of a police investigation related to alleged illegal and inappropriate conduct, including official misconduct, drinking on duty, ghost employment, providing alcohol to minors and fondling police informants, for which he has been criminally informed and/or indicted. [*Id.* at ¶ 27.]

On May 13, 2010, the informant filed a civil lawsuit against Detectives Burton and Mears alleging exhibitionism, fondling, battery with a sex toy, uninvited sexual touching and gender based harassment, some of which occurred during the investigation of Plaintiff. [*Id.* at ¶ 29.] In early 2011, on the state's motion, charges against Plaintiff and approximately fifty (50) unrelated defendants were dismissed. [*Id.* ¶ 30.]

### III.
#### DISCUSSION

Plaintiff brings his claims under 28 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S.

5

386, 394 (1989). In the instant case, Plaintiff alleges that Defendants' conduct violated his rights under the Fourth, Fifth and Fourteenth Amendments.

Section 1983 requires not only that a plaintiff (1) had a constitutionally protected right and (2) that he was deprived of that right in violation of the Constitution, but also (3) that the defendant intentionally caused that deprivation, and (4) the defendant acted under color of state law. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir. 1993). Accordingly, liability under § 1983 can be based only on a finding that conduct causing a constitutional deprivation occurred at the defendant's direction or with his knowledge and consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In other words, the official sued "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye…." *Id.*

### A) Fourth Amendment Claim

Plaintiff first alleges that Defendants violated his rights under the Fourth Amendment. The Fourth Amendment, as incorporated to the states under the Fourteenth Amendment, protects citizens against unreasonable search and seizure. U.S. Const., Amend IV. Although Plaintiff does not specify what search or seizure he is challenging specifically, and does not dispute that the substance recovered from the informant on February 21, 2009 was methamphetamine, the Court will address both the propriety of the search warrant as well as the validity of his arrest following the search.

#### 1. Wrongful Search

A search or seizure carried out on private premises is unreasonable, unless carried out pursuant to a valid warrant (among other exceptions). *Coolidge v. New Hampshire*, 403 U.S. 443, 474 (1971). A warrant is valid under the Fourth Amendment only where it is based "upon probable cause, supported by Oath or affirmation, and particularly describ[es] the place to be

6

searched, and the persons or things to be seized." U.S. Const., Amend. IV. Affidavits supporting probable cause to issue a search warrant are presumed valid, unless the warrant affiant lied or recklessly disregarded the truth because he "in fact entertained serious doubts as to the truth of his allegations" or had "obvious reasons to doubt the veracity of the allegations." *United States v. Williams*, 737 F.2d 594, 602 (7th Cir.1984).

Here, Plaintiff's Complaint raises a single-line challenge to the validity of the search warrant: "Based upon false information provided by detectives Burton and Mears, a search warrant was issued on February 22, 2009 for Mr. Burton's residence." [Dkt. 1 at ¶ 15.] Plaintiff does not go on, however, to present factual allegations regarding the nature of the "false information" or why such information is in fact "false".

The mere allegation that a search warrant was issued based on "false information" is nothing more than the formulaic recitation of a cause of action—a conclusory allegation at best. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). And while such a conclusory statement may provide a framework of a complaint, the Court will not consider it to be true unless it is supported by factual allegations that put the opposing party on notice as to what the plaintiff seeks to prove. *Iqbal*, 129 S. Ct. at 1949.

Even under a strained reading of the Complaint, the only "false information" possibly alleged is that police may have overstated the quantity of methamphetamine delivered to the informant than actually existed; the accurate version of this "false" information, however, would still be sufficient to establish probable cause and thus support a warrant. [*See* dkt. 1 at ¶ 19.] Because Plaintiff's Complaint provides no further factual allegations concerning the "false information" allegedly underlying the search warrant, and because Plaintiff wholly failed to respond to Defendants' challenge to the inadequacy of the Complaint, Plaintiff has not provided

either Defendants or the Court with sufficient notice as to the nature of the "false information" to which he refers. The Court therefore finds that Plaintiff's Complaint does not state a claim that his Fourth Amendment protections were violated based on a defective search warrant.

### 2. Wrongful Arrest/Seizure

For a plaintiff to show that he was arrested in violation of the Fourth Amendment, he must show that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). In other words, probable cause is an absolute defense to a claim of false arrest under the Fourth Amendment. *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003) ("[A]n arrest is reasonable under the Fourth Amendment so long as there is probable cause to believe that some criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect.")

An officer has probable cause to arrest if a reasonable person would believe, based on the facts and circumstances known at the time, that some crime had been committed—even an offense for which the plaintiff was not charged. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009); *Jackson v. Parker*, 627 F.3d 634, 638-39 (7th Cir. 2010). Probable cause does not require evidence sufficient to support a conviction or even evidence demonstrating that it is more likely than not that the suspect committed a crime. *Funches*, 327 F.3d at 586. Rather, it simply requires a "common sense determination" that there is a probability or a substantial chance of criminal activity. *Id; see also Speigel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999).

Here, Plaintiff's Complaint alleges that he was arrested after a confidential informant entered his residence to make a controlled drug buy. [Dkt. 1 at ¶ 11.] When the informant entered Plaintiff's residence, she was in possession of unopened packages of Sudafed, an ingredient commonly known to be used in the manufacture of methamphetamine, [*id.* at ¶ 12];

when she left Plaintiff's residence the next morning, she did not have the Sudafed but instead delivered two packages of methamphetamine to Detectives Burton and Mears, [*id.* at ¶ 13]. The next day, the Complaint alleges, the informant again went to Plaintiff's residence with Sudafed that had been provided to her, [*id.* at ¶ 16], and again left shortly thereafter without the Sudafed, [*id.* at ¶17].

In light the facts known to the detectives and the circumstances under which they received the substance from the confidential informant, the Court finds that there was probable cause to believe that Plaintiff had provided a controlled substance—methamphetamine—to the confidential informant in violation of the law. *See* I.C. § 35-48-4-1.1 (making it illegal to possess, manufacture, or distribute methamphetamine); *see also Heyen v.State*, 936 N.E.2d 294, 300 (Ind. Ct. App. 2010) (holding that sufficient evidence supported conviction for dealing in methamphetamine when police detective oversaw controlled drug buy between confidential informant, gave the informant buy money, followed the informant to the defendant's residence, and once the informant returned to staging area, police detective searched informant's vehicle and found a plastic bag of methamphetamine).[1] Likewise the fact that the informant left behind the Sudafed on two successive days, also established probable cause that Plaintiff was manufacturing methamphetamine. Because there was probable cause, the officers did not violate Plaintiff's Fourth Amendment rights by arresting him. The Court therefore finds that Plaintiff fails to state a claim under the Fourth Amendment.

**B) Fifth Amendment Claim**

---

[1] Even if the substance seized was ultimately shown not to be methamphetamine, the detectives would have had probable cause to arrest Plaintiff. *See Ortiz v. City of Chicago*, 686 F.Supp.2d 782 (N.D. Ill 2010); *see also* Ind. Code § 35-48-4-4.5 (making it a crime to distribute fake drugs in Indiana); *Robinson v. Eager*, 2010 WL 746730 at *2 (N.D. Ind. 2010).

Plaintiff further contends that Defendants' conduct violated his rights under the Fifth Amendment. The Fifth Amendment prevents individuals from being deprived of life, liberty, or property without due process of law. *West v. Phillips*, 883, F.Supp. 308, 311 (S.D. Ind. 1994). Also applied to the states through the Fourteenth Amendment, *see, e.g., Walkdon v. Wilkins,* 400 Fed.Appx. 75 (7th Cir. 2010), the Fifth Amendment more specifically protects an individual from self-incrimination, double jeopardy, and unjust takings. *United States v. Torres*, 28 F.3d 1463 (7th Cir. 1994); *United States v. Jackson*, 983 F.2d 757, 768 (7th Cir. 1993).

Defendants are correct to point out that Plaintiff's Complaint does not plead any facts to suggest that he was subjected to double jeopardy, was compelled to give statements against his interests, or had property seized from him for public use. To the extent that Plaintiff alleges a due process violation, the Court will analyze it under the Fourteenth Amendment. Plaintiff's Fifth Amendment claim is therefore dismissed.

**C) Fourteenth Amendment Claim**

Finally, Plaintiff alleges that Defendants Detective Burton and Detective Mears violated his Fourteenth Amendment rights.

The Fourteenth Amendment governs a pretrial detainee's conditions of confinement after the judicial determination of probable cause.[2] *See Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006); *Garcia v. Chicago*, 24 F.3d 968, 971 n. 6 (7th Cir. 1994). By conferring both substantive and procedural rights, *Albright v. Oliver*, 510 U.S. 266, 272 (1994), "the [Fourteenth Amendment] prohibits any kind of punishment—not merely cruel and unusual punishment—of a pretrial detainee." *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996).

---

[2] Plaintiff does not allege that he did not receive a *Gerstein* probable cause hearing.

Plaintiff's Complaint alleges that Defendants violated his Fourteenth Amendment rights by failing to test the methamphetamine in his possession at the time of his arrest, which caused him to be overcharged for the crime he committed, which in turn caused him to be subjected to an unreasonable bond.

### 1. Drug Testing

First, Plaintiff alleges that although he was arrested on February 22, 2009, the substance in his possession when he was arrested was not tested until November 1.

The Seventh Circuit has "consistently held [that] once police officers have discovered sufficient facts to establish probable cause, they have no constitutional obligation to conduct any further investigation in the hopes of uncovering potentially exculpatory evidence." *Schertz v. Waupaca County*, 875 F.2d 578, 583 (7th Cir. 1989); *Garcia*, 24 F.3d at 970. The defendant may, however, demand speedy testing of presumed controlled substances himself under his right to investigate. *Id.* at n. 5.

Here, Plaintiff does not dispute that the substance he possessed when he was arrested was methamphetamine. Nor does he plead any facts to suggest that he attempted to exercise his right to investigate the methamphetamine. He merely claims that the Defendants' delay in testing the substance was unlawful.

*Garcia* conclusively establishes that as police officers, Defendants Burton and Mears had no constitutional obligation to conduct the weighing or testing about which Plaintiff complains. Plaintiff does not have a Fourteenth Amendment claim against the detectives simply by virtue of the fact that the methamphetamine was not tested for seven months after his arrest. The Court

therefore finds that the alleged delay in testing does not give rise to a claim against Defendants Burton or Mears under the Fourteenth Amendment.[3]

### 2. Charging Decision

Plaintiff next alleges that he was overcharged in violation of his Fourteenth Amendment rights because, once the methamphetamine he possessed at the time of his arrest was found to weigh less than 3 grams, the prosecutor reduced the charges to Class B felonies.

As an initial matter, a defendant does not have the constitutional right to have his charges reduced or dismissed in the face of exculpatory evidence, let alone the right to have the charges reduced quickly, where—as here—they were ultimately dismissed. *Garcia*, 24 F.3d at 971. Plaintiff does not allege that the testing dispelled any basis for the charges upon which his incarceration was based or that he was not, in fact, in possession of methamphetamine. Rather, as was the case in *Garcia*, Plaintiff merely alleges that he was overcharged initially resulting in a higher bond than he could make. *See Albright*, 114 S.Ct. 807, 813 (1994) (quoting *Gerstein* for the proposition that the accused is not "entitled to judicial oversight or review of the decision to prosecute").

Even if the prosecutor's decision to charge Plaintiff with an A felony gave rise to a constitutional claim, however, Plaintiff's Complaint would still fail to state a claim against Defendants Burton and Mears. Plaintiff has not pled any facts to suggest that Defendants Burton or Mears was responsible, or even involved, with the charging decision, which is squarely within the purview of the prosecutor; certainly, his Complaint does not purport to show that either was "'personally responsible for the constitutional deprivation.'" *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003).

---

[3] If this claim were analyzed under the Fourth Amendment, it would fail for the same reasons. *See Garcia,* 24 F.3d at 970.

As such, any claim predicated on unfair charging determinations is dismissed as against Defendants Burton and Mears.

### 3. Excessive Bail

Plaintiff further alleges that Defendants violated his Fourteenth Amendment rights by proximately causing the state court to issue an unfair bond.[4] Specifically, Plaintiff alleges that the state court, which reduced Plaintiff's bond to $20,000 several months after the prosecuting attorney reduced Plaintiff's charges to a B Felony, initially set Plaintiff's bond at $100,000 (consistent with an A felony). [Dkt. 1 at ¶ 25.] Only after the bond was reduced from $100,000, Plaintiff alleges, could he bond out of jail.

A plaintiff has a constitutional right to be free from excessive bail. *Stack v. Boyle*, 342 U.S. 1, 4-5 (1951). But even where that right has been violated, a plaintiff attempting to vindicate that right under § 1983 must do so against the appropriate defendant.

Again, Plaintiff's Complaint does not plead any facts to suggest that either Defendant Burton or Defendant Mears was responsible for setting Plaintiff's bond, adjusting Plaintiff's bond, or even detaining Plaintiff unlawfully in light of this bond. As such, even if the Court assumes without deciding that Plaintiff's Complaint states a claim for excessive bail, neither Detective Burton nor Detective Mears is the appropriate party against whom to bring this claim. The Court therefore dismisses Plaintiff's Fourteenth Amendment claim for excessive bail as against these Defendants.

### 4. Procedural Due Process

---

[4] Excessive bail, although expressly prohibited by the Eighth Amendment, is applicable to the states through the Fourteenth Amendment. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979).

Defendant characterizes Plaintiff's Complaint as possibly encompassing false arrest, false imprisonment, and malicious prosecution claims. [Dkt. 24 at 12.] Having failed to respond to Defendants' motions to dismiss, Plaintiff does not dispute that characterization. Although Plaintiff does not allege that he was denied a probable cause hearing, the Court also reads Plaintiff's Complaint to contain a claim for procedural due process.

The requirements of procedural and substantive due process apply to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *Board of Education v. Loudermill*, 470 U.S. 531 (1985). Procedural due process claims should be dismissed, however, if adequate post-deprivation remedies exist under state law. *Parratt v. Taylor,* 451 U.S. 527 (1981). In other words, when state law provides tort remedies for the matters that form the basis for a plaintiff's claim that he was deprived of liberty without due process of the law, the plaintiff has been provided with procedure to redress his alleged harm. *Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir. 1984).

Here, Indiana law recognizes state-law causes of action for false imprisonment, false arrest, and malicious prosecution. *See Delk v. Board of Com'rs of Delaware County*, 503 N.E.2d 436, 439 (Ind. Ct. App. 1987) (Indiana recognizes false imprisonment actions); *Row v. Holt*, 834 N.E.2d 1074, 1089 (Ind. Ct. App. 2005) (false arrest and false imprisonment are synonymous and Indiana recognizes false imprisonment actions); *Brown v. Robertson*, 92 N.E.2d 856, 857 (Ind. Ct. App. 1950) (Indiana recognizes malicious prosecution claims).

Although Plaintiff has not explicitly asserted any state law tort claims, because Indiana recognizes state law tort remedies for false arrest, false imprisonment and malicious prosecution, Plaintiff's state-law remedies preclude him from asserting a procedural due process claim.

## III.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Burton's and Defendant Mears' respective motions to dismiss. [Dkt. 20; dkt. 23.] Plaintiff had two opportunities to defend his Complaint—either by amending it as a matter or fight pursuant to Federal Rule 15(a)(1)(B), or by responding to Defendants' motions. In light of Plaintiff's failure to do either, the Court further **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE** as against Defendant Burton and Defendant Mears. The Court will enter final judgment with respect to these parties accordingly.

07/18/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Brandi A. Gibson
COOTS HENKE & WHEELER, P.C.
bgibson@chwlaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Peter H. Rosenthal
LAW OFFICE OF PETER H. ROSENTHAL
atyrosenthal@aol.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

Blake N. Shelby

COOTS HENKE & WHEELER, P.C.
bshelby@chwlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com