UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS W. BURTON, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:11-cv-00267-JMS-TAB |
| | ) | |
| THE CITY OF FRANKLIN, MAYOR FRED L. | ) | |
| PARIS, individually, and FRANKLIN POLICE | ) | |
| CHIEF STAN LYNN, individually, | ) | |
|     *Defendants.* | ) | |

## ORDER

Presently before the Court is Defendants' Motion to Dismiss, [dkt. 33], which the Court grants for the reasons that follow.

## I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure impose only a notice-pleading requirement for complaints. Fed. R. Civ. Pro. 8. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds on which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted)) (per curiam). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). For the purposes of that rule, the Court will ignore legally conclusory allegations.

*Id*. at 1945-50 ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal citation and quotation marks omitted)).  The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations.[1]  *See id*.

## II.
### BACKGROUND

#### A.  Facts Pled in the Complaint

On February 21, 2009, a confidential informant wearing concealed audio and video equipment entered the home of Plaintiff Thomas Burton at the request of two Franklin Police Department detectives to make a controlled drug buy.  [Dkt. 1 at ¶ 11.]  When she entered the home, the informant possessed unopened packages of Sudafed.  [*Id*. at ¶ 12.]  When she left Mr. Burton's home at 6:00 a.m. the next day, she did not have the Sudafed and instead delivered two packages of methamphetamine to the detectives.  [*Id*. at ¶ 13.]  The detectives took possession of the methamphetamine but did not test the substance, weigh it, or deliver it to the property room of the police department.  [*Id*. at ¶ 14.]

The next day, the detectives again gave the informant Sudafed and dropped her off at Mr. Burton's home.  [*Id*. at ¶ 16.]  The informant entered the home with Sudafed and left shortly thereafter without it.  [*Id*. at ¶ 17.]

---

[1] The United States Supreme Court has held that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.  However, Mr. Burton was represented by counsel when his Complaint was filed, and it was that counsel who drafted the Complaint before withdrawing representation.  Therefore, although Mr. Burton is currently unrepresented by counsel, his Complaint need not be reviewed under the less stringent standards.

The Complaint goes on to assert that "[b]ased upon false information provided by [the detectives], a search warrant was issued on February 22, 2009 for Mr. Burton's residence." [*Id.* at ¶ 15.]

At approximately 10:30 p.m., the two detectives, Police Chief Stan Lynn, and members of the Johnson County Prosecutor's Office executed a search warrant at Mr. Burton's residence. During the search, Mr. Burton was arrested. [*Id.*]

Mr. Burton was charged with one count of manufacturing and one count of delivery of more than three grams of methamphetamine, both Class A felonies. [*Id.* at ¶ 19.]   Mr. Burton was held in the Johnson County Jail on a bond of $100,000. [*Id.* at ¶ 20.]  Unable to post the bond, Mr. Burton remained incarcerated. [*Id.* at ¶ 22.]

On March 3, 2009, the drugs were delivered to the police department property room, but were not tested or weighed. [*Id.* at ¶ 21.]  On November 12, 2009, the drugs were sent to the Indiana State Police laboratory for testing and weighing for the first time. [*Id.* at ¶ 23.]   The State Police reported that the drugs had a total weight of 2.23 grams, 0.77 grams less than the minimum threshold for an A felony. [*Id.* at ¶ 24.]

On April 19, 2010, the prosecuting attorney reduced both charges against Mr. Burton to Class B felonies, due to the weight of the drugs. [*Id.* at ¶ 25.]   Two months after the charges were reduced to Class B felonies, Plaintiff requested, and was granted, a bond reduction to $20,000. [*Id.* at ¶ 25.]  Plaintiff immediately posted bond and was released. [*Id.* at ¶ 26.]

In early 2010, one of the detectives involved in Mr. Burton's investigation and arrest became the subject of a police investigation related to alleged illegal and inappropriate conduct, including official misconduct, drinking on duty, ghost employment, providing alcohol to minors and fondling police informants, for which he has been criminally charged. [*Id.* at ¶ 27.]

On May 13, 2010, the informant filed a civil lawsuit against the two detectives involved in Mr. Burton's case, alleging exhibitionism, fondling, battery with a sex toy, uninvited sexual touching and gender-based harassment, some of which occurred during the investigation of Mr. Burton.  [*Id.* at ¶ 29.]  In early 2011, on the State's motion, charges against Mr. Burton and approximately fifty unrelated defendants were dismissed.  [*Id.* at ¶ 30.]

**B.  Procedural Posture**

In February 2011, Mr. Burton filed § 1983 claims against the City of Franklin, Mayor Fred Paris, Police Chief Stan Lynn, Detective Bryan Burton, and Detective Ryan Mears, alleging constitutional deprivations under the Fourth, Fifth, and Fourteenth Amendment.  [Dkt. 1.]  The two detectives filed independent motions to dismiss in May 2011.  [Dkts. 20; 23.]  Mr. Burton did not respond to the motions to dismiss, and the Court granted the motions in July 2011.  [Dkt. 28.] *See Burton v. Franklin*, No. 1:11-cv-00267-JMS-TAB, 2011 U.S. Dist. LEXIS 78161 (S. D. Ind. 2011) (dismissing Mr. Burton's § 1983 claims against the two detectives for failure to sufficiently plead violations of the Fourth, Fifth, or Fourteenth Amendments).

On August 8, 2011, Mayor Paris, Chief Lynn, and the City of Franklin also moved to dismiss Mr. Burton's claims.  [Dkt. 33.]  That same day, Mr. Burton's counsel moved to withdraw his representation.  [Dkt. 36.]  In September, Mr. Burton requested an extension of time to obtain new counsel and respond to the motion, and the Court granted his request.  [Dkts. 43; 44.]  The time to respond has now passed, and Mr. Burton has failed to respond to the Defendants' motion.

### III.
#### DISCUSSION

Mr. Burton brings his claims under 42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights

elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989). In this case, Mr. Burton alleges that the Defendants' conduct violated his rights under the Fourth, Fifth, and Fourteenth Amendments. [Dkt. 1 at 7 ¶ 34.]

Section 1983 requires not only that a plaintiff (1) had a constitutionally protected right and (2) that he was deprived of that right in violation of the Constitution, but also (3) that the defendant intentionally caused that deprivation and (4) the defendant acted under color of state law. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir. 1993). Accordingly, liability under § 1983 can be based only on a finding that conduct causing a constitutional deprivation occurred at the defendant's direction or with his knowledge and consent. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In other words, the official sued "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye…." *Id*.

### A. Mr. Burton's § 1983 Claims Against Mayor Fred L. Paris

In his Complaint, Mr. Burton makes no factual allegations regarding Mayor Paris or his personal participation in any alleged constitutional deprivation. The only portion of Mr. Burton's Complaint that specifically mentions Mayor Paris is the section entitled "V. Claims," in which Mr. Burton lists Mayor Paris along with the other prior and current defendants in the formulaic recital of causes of action, asserting that Mayor Paris "should have known of the unconstitutional propensities of [the detectives]," and therefore acted with "reckless disregard of, and with deliberate indifference to" Mr. Burton's constitutional rights. [Dkt. 1 at 6-7 ¶ 32-35.]

Personal participation is required as a predicate to any § 1983 claim. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). To be liable for the conduct of a subordinate, a supervisor must be personally involved in the conduct. *Id*. Here, Mr. Burton alleges no facts

indicating any direct involvement on the part of Mayor Paris.  By not pleading any facts in his

Complaint regarding Mayor Paris' involvement in this action, Mr. Burton has failed to state a §

1983 claim against him.  *Id*.  All of Mr. Burton's § 1983 claims against Mayor Paris are therefore

dismissed.

### B.  Mr. Burton's § 1983 Claims Against Franklin Police Chief Stan Lynn

#### 1. Fourth Amendment Claim

Mr. Burton alleges that his rights were violated, in part, under the Fourth Amendment.

The Fourth Amendment, as incorporated to the states under the Fourteenth Amendment, protects

citizens against unreasonable search and seizure.  U.S. Const., Amend. IV.  Although Mr. Burton

does not specify in his Complaint the search or seizure he is challenging, and he does not dispute

that the substance recovered from the informant was methamphetamine, the Court will address

both the propriety of the search warrant executed at Mr. Burton's home and the validity of his

arrest following that search.

#### A. Wrongful Search

Mr. Burton's Complaint raises only a single-line challenge to the validity of the search

warrant:  "Based upon false information provided by [the detectives], a search warrant was

issued on February 22, 2009 for Mr. Burton's residence." [Dkt. 1 at ¶ 15.]   He does not go on to

include any factual allegations to support his position that the information was false.  He does

not attach any affidavit or hearing transcript that contains the alleged false information.  As this

Court has previously ruled, Mr. Burton's statement is, at best, a conclusory allegation.  *Burton*,

2011 U.S. Dist. LEXIS 78161 at *11 (citing *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

While conclusory allegations may be included in complaints to provide a framework, the Court

need not take Mr. Burton's conclusory allegations to be true unless they are supported by factual

allegations that put the Defendants on notice as to what Mr. Burton seeks to prove. *Iqbal*, 129 S. Ct. at 1249. Therefore, the Court finds that Mr. Burton's Complaint does not state a claim that his Fourth Amendment protections were violated based on a defective search warrant. *Burton*, 2011 U.S. Dist. LEXIS 78161 at *12. Moreover, it is Mr. Burton's own Complaint that describes the transactions between him and the informant, and those facts would support a finding of probable cause to issue a search warrant.

## 2. Wrongful Arrest or Seizure

For a plaintiff to show that he was arrested in violation of the Fourth Amendment, he must show that he was arrested without probable cause. *Gonzales v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). In other words, probable cause is an absolute defense to a claim of false arrest under the Fourth Amendment. *United States v. Funches*, 327 F.3d 582, 588 (7th Cir. 2003) ("[A]n arrest is reasonable under the Fourth Amendment so long as there is probable cause to believe that some criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect.").

An officer has probable cause to arrest if a reasonable person would believe, based on the facts and circumstances known at the time, that some crime had been committed – even an offense for which the plaintiff was not charged. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009); *Jackson v. Parker*, 627 f.3d 634, 638-39 (7th Cir. 2010). Probable cause only requires requires a "common sense determination" that there is a probability or a substantial chance of criminal activity. *Funches*, 327 F.3d at 586; *see also Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999). Probable cause does not require evidence sufficient to support a conviction or even evidence demonstrating that it is more likely than not that the suspect committed a crime. *Funches*, 327 F.3d at 586.

Here, Mr. Burton's Complaint alleges in his Complaint that he was arrested after a confidential informant went to his home to make a controlled drug buy and exited with packages of methamphetamine.  [Dkt. 1 at ¶ 13.]  In light of the facts known to the detectives, there was probable cause to believe that Mr. Burton had provided the confidential informant with the methamphetamine. *See Burton*, 2011 U.S. Dist. LEXIS 78161, *15; I.C. § 35-48-4-1.1 (making it illegal to possess, manufacture, or distribute methamphetamine). Because the officers had probable cause to arrest Mr. Burton, neither they nor Police Chief Lynn violated Mr. Burton's Fourth Amendment rights in doing so.  Therefore, the Court dismisses Mr. Burton's remaining Fourth Amendment claims.

## 2. Fifth Amendment Claim

Mr. Burton's Complaint also alleges that his rights were violated under the Fifth Amendment.  [Dkt. 1 at 7 ¶ 34.]  The Fifth Amendment prevents individuals from being deprived of life, liberty, or property without due process of law.  *West v. Phillips*, 883 F. Supp. 308, 311 (S.D. Ind. 1994).  Also applied to the states through the Fourteenth Amendment, *see, e.g. Waldon v. Wilkins*, 400 Fed. Appx. 75 (7th Cir. 2010), the Fifth Amendment specifically protects an individual from self-incrimination, double jeopardy, and unjust takings.  *United States v. Torres*, 28 F.3d 1463 (7th Cir. 1994); *United States v. Jackson*, 983 F.2d 757, 768 (7th Cir. 1993).

As Defendants correctly point out, Mr. Burton's Complaint does not plead any facts to suggest that he was subjected to double jeopardy, was compelled to give statements against his interest, or had property seized from him for public use.  [Dkt. 34 at 8.]  To the extent that Mr. Burton alleges a due process violation, then, the Court will analyze it under the Fourteenth Amendment.  *See Burton*, 2011 U.S. Dist. LEXIS 78161 at *16 (this Court's previous holding

that Mr. Burton did not any allege facts in the Complaint supporting Fifth Amendment violations).  Mr. Burton's Fifth Amendment claims are accordingly dismissed.

### 3.  Fourteenth Amendment Claim

Mr. Burton further alleges that his constitutional rights were violated by the delay in weighing the methamphetamine, which resulted in his being overcharged for the crime he committed and subjected to an unreasonable bond.  [Dkt. 1 at ¶ 19-22.]

The Fourteenth Amendment governs a pretrial detainee's conditions of confinement after the judicial determination of probable cause.  See *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006); *Garcia v. Chicago*, 24 F.3d 968, 971 n. 6 (7th Cir. 1994).  By conferring both substantive and procedural rights, *Alright v. Oliver*, 510 U.S. 266, 272 (1994), "the [Fourteenth Amendment] prohibits any kind of punishment – not merely cruel and unusual punishment – of a pretrial detainee."  *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996).  The Court will consider both Mr. Burton's pretrial allegations and any potential procedural due process claim his Complaint may be construed to include.

### A. Drug Testing, Charging Decision, and Bail-Setting

To be liable for the conduct of a subordinate, a supervisor must be personally involved in the conduct.  *Chavez*, 251 F.3d at 651.  Mr. Burton's only mention of Chief Lynn during the "Facts" portion of his Complaint is the allegation that "[the detectives], along with Chief Lynn … entered Mr. Burton's residence, conducted a search and effectuated Mr. Burton's arrest."  [Dkt. 1 at 4 ¶ 18.]  Mr. Burton makes no allegation that Chief Lynn was personally responsible for any delay in weighing the methamphetamine taken from Mr. Burton's home.  Furthermore, Mr. Burton alleges no facts to suggest that Chief Lynn was responsible for, or even involved with, the prosecutor's charging decision or the state court judge's bail-setting decision.  Because

personal participation is required as a predicate to any § 1983 claim, *Chavez*, 251 F.3d at 651, and Mr. Burton has not alleged any personal participation on the part of Chief Lynn, Mr. Burton's Fourteenth Amendment claim against Chief Lynn regarding these decisions are accordingly dismissed. *See J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) (holding that an official must be "personally responsible for the constitutional deprivation" to be held liable).

### B. Procedural Due Process

The Defendants address the possibility that Mr. Burton's Complaint be construed to include a procedural due process claim. [Dkt. 34 at 10.] The requirements of procedural and substantive due process apply to the deprivation of interests encompassed by the Fourteenth Amendment. *Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985). Procedural due process claims should be dismissed, however, if adequate post-deprivation remedies are available under state law. *Parratt v. Taylor*, 451 U.S. 527, 544 (1981). In other words, when state law provides tort remedies for the matters that form the basis for a plaintiff's claim that he was deprived of liberty without due process of the law, the plaintiff has been provided with procedure to redress his alleged harm. *Guenther v. Holmgreen*, 738, F.2d 879, 882 (7th Cir. 1984).

Here, Indiana recognizes state-law causes of action for the deprivations Mr. Burton's Complaint possibly encompasses: false imprisonment, false arrest, and malicious prosecution. *See Row v. Holt*, 834 N.E.2d 436, 439 (equating false arrest and false imprisonment as synonymous and recognizing false imprisonment actions); *Brown v. Robertson*, 92 N.E.2d 856, 857 (Ind. Ct. App. 1950) (recognizing malicious prosecution claims). Therefore, Mr. Burton is

precluded from asserting a § 1983 claim on procedural due process grounds, and his Fourteenth

Amendment claims should be dismissed.

### C. Mr. Burton's § 1983 Claim Against the City of Franklin

The United States Supreme Court has held that § 1983 claims may be properly brought

against municipalities for actions by its employees only if those actions were taken pursuant to

an unconstitutional policy or custom. *Monell v. Dep't of Social Services of City of New York*,

436 U.S. 658, 690 (1978)). A successfully established *Monell* claim can fall under one of the

following three categories:

> (1) an express policy that, when enforced, causes a constitutional deprivation;
> (2) a widespread practice that, although not authorized by written or express municipal policy, is so permanent and well-established as to constitute a "custom of usage" with the force of law; or
> (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004) (internal citations omitted)

As explained earlier in this Order and this Court's prior dismissal of Mr. Burton's claims

against the two Franklin detectives, Mr. Burton has not pled facts sufficient to show that any of

the current or former municipal Defendants violated his constitutional rights. *See Burton*, 2011

U.S. Dist. LEXIS 78161 (dismissing Mr. Burton's § 1983 claims against the two detectives for

failure to sufficiently plead violations of the Fourth, Fifth, or Fourteenth Amendments). Because

the Franklin police officers had probable cause to arrest Mr. Burton, they did not violate the

Fourth Amendment by doing so. Furthermore, the City of Franklin cannot be held liable for any

charging or bail-setting decisions because both the prosecuting attorney who made the charging

decision and the state judge who set Mr. Burton's bail are state officials, not municipal ones. *See*

*Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998) ("A prosecuting attorney in Indiana

clearly acts as a state official when prosecuting criminal cases"); *Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974) (holding that a § 1983 excessive bail claim was properly dismissed where the state court judge was responsible for setting bail).  Because Mr. Burton has not alleged a constitutional violation, the Court's analysis ends before reaching the issue of official policy or custom.  *See Mark v. Furay*, 769 F.2d 1266, 1271 (7th Cir. 1985) ("The question of whether a municipality caused a constitutional deprivation does not even arise absent proof that a deprivation in fact occurred.").

However, even if Mr. Burton had properly pled a constitutional violation, his claim against the City of Franklin would still be subject to dismissal because he has failed to allege a valid *Monell* claim. In his Complaint, Mr. Burton does not allege that any of the three types of unconstitutional policies or customs exist in the City of Franklin: he alleges no facts to show that the incident about which he complains were the result of a city-wide policy, custom with the force of law, or action by any official with final policy-making authority.    Instead, he includes only a formulaic recital of causes of action.   [Dkt. 1 at 6-7 ¶ 32-35].   Such conclusory allegations, while permissible to provide a framework for a complaint, need not be taken as true absent any supporting factual allegations. *Brooks*, 578 F.3d at 582.  Mr. Burton has not provided supporting factual allegations here.

Without alleging facts specifying how an unconstitutional municipal policy or custom resulted in his alleged constitutional deprivation, Mr. Burton has failed to plead a valid *Monell* claim against the City of Franklin.  *See Blanton v. City of Indianapolis*, 830 F. Supp 1198, 1202 (S.D. Ind. 1993) ("[T]he complaint must set out some fact or facts to suggest that the claimed policy or custom actually exists, and that the alleged deprivation resulted from enforcement or

pursuit of that policy.").  Because Mr. Burton has failed to plead a proper *Monell* claim, his suit

against the City of Franklin is dismissed.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss, [dkt. 33],

and **DISMISSES WITH PREJUDICE** Mr. Burton's § 1983 claims against all remaining

Defendants.  [Dkt. 1.]  Judgment will issue accordingly.

11/23/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via USPS:**

THOMAS W. BURTON
67 Sebring Court
Whiteland, IN 46184

**Distribution via ECF only:**

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Holly A Reedy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
hareedy@wilkinsonlaw.com